# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

## ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*☐
JEFFREY A. COOPER*
LAURA E. QUINN*
JOHN J. HARMON*
LARRY K. LESNIK+

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
+ MEMBER NJ BAR
☐ MEMBER MA BAR

August 21, 2017

**VIA ECF**

Honorable Stacey L. Meisel
United States Bankruptcy Court
M.L. King, Jr. Federal Building
50 Walnut Street, 3rd Fl.
Newark, New Jersey 07102

        **Re:   Ibari Anaele**
               **Case No. 16-29746 (SLM)**

               **Motion to Dismiss**
               **Hearing Date: August 29, 2017 at 10:00 a.m.**

Dear Judge Meisel:

      This office represents Jay L. Lubetkin, Chapter 7 trustee (the "Trustee") for Ibari Anaele (the "Debtor") in the above referenced matter. Please accept this letter brief in lieu of more formal opposition to the Debtor's recently filed motion seeking an order voluntarily dismissing her case (the "Motion"). In short, the Trustee respectfully requests that the Court deny the Motion because: (1) he is still administering the Debtor's estate in furtherance of his fiduciary duty to the bankruptcy estate; and (2) the Debtor has, to date, failed to demonstrate the necessary cause for such relief pursuant to 11 U.S.C. § 707(a) of the Bankruptcy Code (the "Code").

## BACKGROUND AND RELEVANT FACTS

      The Debtor filed a voluntary Chapter 7 petition on October 16, 2016. The Trustee was appointed as the Debtor's Chapter 7 trustee on October 17, 2016. The Trustee conducted the Debtor's 341(a) meeting of creditors on or about November 14, 2016. At that time, the Debtor testified to, among other things, previously being a shareholder in an entity named Kopan Anaele Construction Inc.("KA Construction"), which she had co-owned with her former husband, Denis Bajurto ("Bajurto"). At the 341(a) the Debtor further testified that she believed KA Construction had been dissolved in 2010.

Honorable Stacey L. Meisel
August 21, 2017
Page 2

Subsequent to conducting the 341(a) meeting of creditors the Trustee filed an application to Rabinowitz, Lubetkin & Tully, LLC ("RLT") to investigate, among other things, whether KA Construction had any unencumbered assets and if, in fact, it had been dissolved. On December 6, 2016, the Court entered an order authorizing the Trustee to retain RLT as his counsel. On February 22, 2017, the Trustee, through counsel, served a Rule 2004 subpoena on the Debtor seeking a plethora of information, including, but not limited to, the current state of KA Construction and the nature of its assets, if any.

Thereafter, through documents provided by the Debtor, as well as independent investigation conducted by RLT, the Trustee determined that KA Construction is the owner of real property located at 311-313 Elizabeth Street, Orange, New Jersey (the "Property"). The Trustee has also determined that the Property was purchased by KA Construction in 2009 for $41,000 in cash. To date, the Debtor has been unable to provide the Trustee with proof that KA Construction was properly dissolved, such that her interest in the entity is not property of the bankruptcy estate.

In furtherance of his investigation into the matter, on or about August 10, 2017, the Trustee issued a Rule 2004 subpoena to Bajurto seeking, among other things, proof of KA Construction's dissolution and information pertaining to a sale/transfer of the Property by KA Construction to Bajurto in January 2017. Evidence of the transfer of the Property from KA Construction to Bajurto is annexed hereto as Exhibit "A." Bajurto is currently scheduled to be deposed by the Trustee on September 7, 2017. Based on the above, the Trustee may have Article 5 causes of action against Bajurto, including claims pursuant to Sections 548 and 549 of the Code.

### LEGAL STANDARD AND RELIEF REQUESTED

The Debtor, while not stating it, presumably moves for an order dismissing her Chapter 7 case pursuant to Section 707(a) of the Code. Cases construing Section 707(a) in the context of a motion to dismiss filed by a debtor require the debtor to demonstrate "cause" for such relief. See In re Hall, 15, B.R. 913 (9th Cir. 1981); In re MacDonald, 73 B.R. 254 (Bankr. N.D. Ohio 1987); In re Schwartz, 58 B.R. 923 (Bankr. S.D.N.Y. 1986). Here, the Debtor, through the Motion, fails to state any reason whatsoever for the relief requested. Based on this alone, the Court should deny the Motion.

Further, as stated above, pursuant to the Code, the Trustee has a duty to "collect and reduce to money the property of the estate for which the trustee serves" for the benefit of creditors. 11 U.S.C. § 704(a)(1); see also Steinberg v. Buczynski, 40 F.3d 890 (7th Cir. 1994); In re Rollins, 175 B.R. 69 (Bankr. E.D. Cal. 1994). In this matter, the Trustee is actively investigating potential causes of action that my result in a material distribution to the Debtor's creditors. Specifically, the Trustee is investigating whether a corporation, co-owned by the Debtor, transferred unencumbered real property to her ex-husband, Bajurto.

Honorable Stacey L. Meisel
August 21, 2017
Page 3

Based on the above, the Trustee respectfully requests that the Court deny the Motion.

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, LLC

Barry J. Roy

BJR:rg
cc:     Ms. Ibari Anaele (<u>via overnight mail</u> 34 Columbia Street, West Orange, New Jersey 07052)

# EXHIBIT A

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State. The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose

# Property Deeds
Date: 08/21/17
Reference Code: anaele (35-001)

| | |
|---|---|
| Name Owner: | BAJURTE, DENIS (UNMARRIED) |
| Name Seller: | KOPAN ANAELE CONSTRUCTION INC (COMPANY/CORPORATION) |
| Owner Address: | 311 ELIZABETH ST 313, ORANGE, NJ 07050-2810 |
| County: | ESSEX |
| Data Source: | B |

## Sales Information

| | |
|---|---|
| Document Type: | DEED |
| Sale Price: | |
| Loan Amount: | |
| Sale Date: | 01/17/2017 |
| Recording Date: | 01/19/2017 |
| Parcel Number: | |
| Book: | |
| Page: | |

## Mortgage Information

| | | | |
|---|---|---|---|
| Document Type: | | Lender Name: | |
| Transaction Type: | | Title Company: | CHICAGO TITLE INSURANCE CO |
| Loan Type: | THIS CODE IS USED ONLY FOR BKFS LEGACY | Document Number: | 2017005805 |
| Interest Rate: | | Interest Rate Type: | |